NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ORNELLA ZOINO, Plaintiff, v. INBOUND CALL EXPERTS, LLC, *et al.*, Defendants. | Civil Action No. 15-5919 (JLL) ORDER |
|---|---|

**LINARES**, District Judge.

Pending before the Court is the motion to dismiss ("Mot.") of Defendant Inbound Call Experts, LLC, Advanced Tech Supportco, LLC, PC Vitalware, LLC, Super PC Support, LLC, Robert D. Deignan, Paul M. Herdsman, Justin M. Wright, and Scott Grushoff (collectively "Defendants") Defendants seek dismissal of Plaintiff's complaint in its entirety. The Court has reviewed the parties' submissions and finds that:

1. On or about June 22, 2015, Plaintiff commenced this action against Defendants and Defendant Joel Villacruz in the Superior Court of the State of New Jersey. (*See* ECF No. 1.)

2. On July 31, 2015, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. (*Id.* ¶ 1.) Defendants claimed that this Court has "original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332." (*Id.* ¶ 10.) Defendants further asserted that "[t]his is a civil action in which the matter in controversy *should* exceed the sum of $75,000, exclusive of interest and costs. (*Id.* ¶ 11 (emphasis added).) Defendants provide no additional support or basis for the statement regarding

the estimated amount of damages, and it does not appear that Defendants "requested a statement of damages from Plaintiff, since [they] did not submit any such documentation to the Court" with the notice of removal. *See Gable v. Target Corp.*, No. 15–1350, 2015 WL 790548, at *1 (D.N.J. Feb. 24, 2015) (citing to New Jersey Court Rule 4:5-2).

3. Plaintiff's complaint does not specify the amount of damages sought, or even provide much detail as to the basis of her alleged damages (which she was not required to do under New Jersey law). Plaintiff asserts that "[s]ince the date that her privacy was violated . . ., [she] has suffered from a number of medical problems, both emotional and physical, incurred medical expenses for treatment of those problems, lost time from work and lived in fear of embarrassment and humiliation if her highly personal and private information were to be revealed . . . ." (Pl.'s Compl. ¶ 37.)

4. In Defendants' motion to dismiss, they argue that Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim should be dismissed for failure to plead an ascertainable loss. (*See* Mot. at 17.) They argue that Plaintiff's complaint does not include "any facts suggesting that Plaintiff suffered an out of pocket loss," that the complaint is "wholly devoid of any facts which would permit a calculation or even an estimate of the amount of Plaintiff's loss," and that "the only losses that she appears to claim are those arising from her purported emotional distress, humiliation and embarrassment." (*Id.*) Defendants further argue that her Consumer Fraud and Abuse Act ("CFAA") claim should be dismissed for failure to plead a loss aggregating $5,000 in value. (*Id.* at 20.)

5. Plaintiff counters these arguments by asserting first, with respect to the NJCFA claim, that she is not required to "demonstrate a 'quantifiable or measurable' loss" at this stage. (Opp'n at 28.) With respect to her CFAA claim, she does not argue that she will exceed

the $5,000 threshold, but rather, that "there is no threshold for economic damages." (*Id.* at 31.)

6. Whether Plaintiff was required to estimate her damages in order to bring her claims in a New Jersey court is of no moment as to the burden Defendants' bear in removing the action to this Court.

7. It is not clear to the Court that removal was proper, and that it has subject matter jurisdiction over these claims. Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III the Constitution. Const. art. III; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998). Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it. *See Common Cause of Penn. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Likewise, "[c]ourts must narrowly construe Section 1441 against removal." *See Palmer v. U.M.D.J.*, 605 F. Supp. 2d 624, 627 9D.N.J. 2009) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). And, pursuant to 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

8. If a plaintiff's complaint specifies the amount of damages sought, a court may rely on the estimation provided therein to determine the amount in controversy. *See Buchanan v. Lott*, 255 F. Supp. 2d 326, 331 (D.N.J. 2003). If the specific damages sought are not delineated, and the amount in controversy cannot be clearly assessed "by a reasonable

reading of the value of the rights being litigated," a court must make an independent appraisal of the claims being litigated." *Id.* (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir.1993).) "Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden." *Gable*, 2015 WL 790548, at *1.

9. Defendants' bare assertion that the amount in controversy ***should*** exceed $75,000 (particularly when simultaneously arguing that Plaintiff's damages cannot be estimated, but the economic damages are zero or at least less than $5,000) is insufficient to invoke the jurisdiction of this Court.

For the foregoing reasons,

**IT IS** on this day __16__ of November, 2015,

**ORDERED** that Defendants, as the removing party, shall file a brief in accordance with L. Civ. R. 7.2 by November 30, 2015, establishing why this Court has jurisdiction over these claims. Plaintiff shall file opposition by December 14, 2015, and Defendants shall reply by December 21, 2015. Failure of Defendants to file the initial brief by November 30, 2015 shall result in remand of this matter to the Superior Court of New Jersey; and it is further

**ORDERED** that the pending motion (ECF No. 25) is denied without prejudice to the right to re-file the motion if jurisdiction is established.

**IT IS SO ORDERED.**

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE